**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**RAYMOND L EICHENBERGER,**

       **Plaintiff,**

     **v.**                           **Civil Action 2:20-cv-1543**
                                       **Judge Sarah D. Morrison**
                                       **Magistrate Judge Jolson**

**TERRI B. JAMISON, et al.,**

       **Defendants.**


**REPORT AND RECOMMENDATION AND ORDER**

      This matter is before the Court on Plaintiff's Motion to Strike and for Rule 11 Sanctions (Doc. 12) and Plaintiff's Motion to Continue/Reschedule Pretrial Conference for June or July (Doc. 13). The Court has referred Plaintiff's Motion for Rule 11 Sanctions to the Undersigned for a Report and Recommendation. (*See* Doc. 14). For the reasons that follow, Plaintiff's Motion to Strike (Doc. 12) is **DENIED**. Further, it is **RECOMMENDED** that Plaintiff's Motion for Rule 11 Sanctions (*id.*) be **DENIED**. Finally, Plaintiff's Motion to Continue/Reschedule Pretrial Conference is **DENIED**. There is no preliminary pretrial conference currently scheduled, and the Undersigned will, if necessary, hold the conference following the Court's resolution of Defendants' Motions to Dismiss (Docs. 2, 9). Plaintiff's deadline to respond to Defendant Irwin's Motion to Dismiss (Doc. 9) is hereby extended from June 11, 2020, to June 19, 2020.

**I.      BACKGROUND**

      Plaintiff Raymond Eichenberger, who is proceeding in this matter pro se, has brought this action against his ex-wife, Maxine Irwin; the judge who oversaw his divorce proceedings, Terri Jamison; and Franklin County, Ohio. (Doc. 1). Broadly speaking, Plaintiff alleges that Defendants Jamison and Franklin County, Ohio violated his constitutional rights in the handling of matters

related to his divorce proceedings. (*See generally id*.). He also brings claims for false imprisonment, abuse of process, malicious prosecution, negligent infliction of emotional harm, and intentional infliction of emotional harm. (*See generally id*.). For relief, he seeks several million dollars in compensatory and punitive damages against each defendant. (*See id*. at 13–14).

The Court scheduled the preliminary pretrial conference for June 3, 2020, and the parties failed to timely file their Rule 26(f) Report. (*See* Doc. 10). When the Court had still not received the report the day before the conference, it issued a show cause order. (Doc. 11). Two days later, Plaintiff filed a Motion to Strike and for Sanctions. (Doc. 12). Several days later, he filed a Motion to Reset/Reschedule Pretrial Conference. (Doc. 13). In that Motion, Plaintiff represents that there was "confusion resulting from scheduling the pretrial conference" and seeks to reschedule the preliminary pretrial conference for the end of June or beginning of July. (*Id*. at 2). Plaintiff's Motion to Reset/Reschedule Pretrial Conference (Doc. 13) is **DENIED**. The Court will, if necessary, hold the preliminary pretrial conference following resolution of Defendants' Motions to Dismiss (Docs. 2, 9).

The Court turns now to Plaintiff's Motion to Strike and for Rule 11 Sanctions. (Doc. 12).

## II.    STANDARD

Motion to Strike: "A 'motion to strike' applies only to 'pleadings.'" *Shell v. Ohio Family Rights*, No. 1:15CV1757, 2016 WL 4523830, at *2 (N.D. Ohio Aug. 29, 2016) (collecting cases and citing Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a)); *see also B & S Transp., Inc. v. Bridgestone Ams. Tire Operations, LLC*, No. 5:13-CV-2793, 2014 WL 3687777, at *1 (N.D. Ohio July 24, 2014) ("A motion to strike applies only to pleadings and is not the proper vehicle for attacking plaintiffs' reply brief."). "Even where such a motion is proper under the Civil Rules, courts view motions to strike with disfavor and rarely grant them." *Shell*, 2016 WL 4523830, at *2 (quotation marks and citations omitted).

Motion for Sanctions: Rule 11(b) of the Federal Rules of Civil Procedure provides, in

2

relevant part, "by presenting to the court a [ ] written motion, . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b). "If the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction[.]" Fed. R. Civ. P. 11(c)(1). Importantly, "a motion for sanctions must be made separately from other motions and must not be filed with the Court until twenty-one days after it is served upon the opposing party." *Am. Home Assur. Co. v. Gagen*, No. 1:04CV581, 2005 WL 1705015, at *3 (S.D. Ohio July 20, 2005) (citing Fed. R. Civ. P. 11(c)(1)(A)).

## III. DISCUSSION

Plaintiff moves first to strike Defendant Irwin's Motion to Dismiss. (Doc. 12). He asserts that the Motion to Dismiss "predominantly consists of vile, spurious, defamatory, and libelous personal attacks upon the Plaintiff which are totally irrelevant to the issues in the case at bar." (*Id.* at 2). He also contends it should "be stricken in order to remove the unlawful exhibits and content of the Motion from the record of this Court." (*Id.* at 4). But, as Plaintiff recognizes, (*see id.* at 2), "[a] 'motion to strike' applies only to 'pleadings.'" *Shell*, 2016 WL 4523830, at *2; *see also B & S Transp.*, 2014 WL 3687777, at *1 ("A motion to strike applies only to pleadings and is not the proper vehicle for attacking plaintiffs' reply brief."). So Plaintiff's Motion to Strike Defendant's Motion to Dismiss is improper and **DENIED** as a result.

Alternatively, Plaintiff moves for Rule 11 sanctions. (*See* Doc. 12 at 2 ("Regardless of any interpretation or argument under Civil Rule 12 as to whether a Motion is a pleading, Civil Rule 11 undoubtedly applies to the outrageous personal attacks of Defendant Irwin contained in that Motion.")). He asserts:

> The Plaintiff will not repeat the spurious, defamatory, and libelous attacks upon the Plaintiff within Defendant Irwin's Motion, but they have nothing to do with the allegations of the Amended Complaint, and are an unsightly and unethical attempt by Defendant Irwin and her counsel to unjustly and unnecessarily disparage the

character of the Plaintiff. The Plaintiff would expect such heinous and harmful behaviors from Defendant Irwin, as she has demonstrated a pattern of such behaviors towards the Plaintiff, and the Motion serves as yet another example of her vile actions which led to the filing of this litigation in the first place.

It is especially outrageous that a member of the bar of this Court did not control and temper the evil behaviors of Defendant Irwin, and that he instead chose to participate in his client's active character assassination of the Plaintiff.

The Plaintiff practiced law in Franklin County for over thirty-five (35) years until he retired. In that span of time, the United States District Court was always the epitome of civility and decorum in regard to the content of pleadings and other Motions, as well as behaviors and procedures in the courtroom.

This Court should not tolerate such inflammatory behaviors by Defendant Irwin and her counsel, and the Motion to Dismiss should be stricken for that reason alone.

(*Id*. at 3–4).

There are several problems with Plaintiff's Motion for Sanctions. As noted, Rule 11 sets forth three requirements for a motion for sanctions: (1) It "shall be made separately from other motions or requests"; (2) it "shall describe the specific conduct alleged to violate subdivision (b)"; and (3) "[i]t shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11 (c)(2).

Plaintiff's Motion for Sanctions fails on all three fronts. To begin, Plaintiff does not "describe the specific conduct alleged to violate subdivision (b)." *Id*. To the contrary, he states he "will not repeat" Defendant's purportedly "spurious, defamatory, and libelous attacks." (Doc. 12 at 3). His Motion fails for that reason alone.

Further, it is procedurally improper. Rather than filing the Motion "separately from other motions or requests," as required, *see* Fed. R. Civ. P. 11(c)(2), he filed it as part of his Motion to Strike, (*see* Doc. 12). Additionally, Plaintiff failed to serve the Motion for Sanctions at least 21

4

days before filing it with the Court. *See* Fed. R. Civ. P. 11(c)(2); *see also Miller v. Credit Collection Servs.*, 200 F.R.D. 379, 380 (S.D. Ohio 2000) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (noting that this requirement is "mandatory" and that "sanctions under Rule 11 are unavailable, unless the party seeking the same has complied with that provision")). The certificate of service attached to Plaintiff's Motion indicates that he served the Motion on counsel for Defendants on June 3, 2020, the day before he filed it with the Court. (*See* Doc. 12 at 6).

In sum, Plaintiff's Motion for Sanctions fails to satisfy each of the three requirements governing motions to strike and must be denied as a result.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is **DENIED**. Further, it is **RECOMMENDED** that Plaintiff's Motion for Rule 11 Sanctions be **DENIED**. Last, Plaintiff's Motion to Continue/Reschedule Pretrial Conference for is also **DENIED**. There is no preliminary pretrial conference currently scheduled, and the Undersigned will, if necessary, hold the conference following the Court's resolution of Defendants' Motions to Dismiss (Docs. 2, 9). Plaintiff's deadline to respond to Defendant Irwin's Motion to Dismiss (Doc. 9) is hereby extended from June 11, 2020, to June 19, 2020.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit

this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  Failure to object to

the Report and Recommendation will result in a waiver of the right to have the district judge review

the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the

decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474

U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date:   June 15, 2020                                            /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE

6