IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond Eichenberger,

   Plaintiff,    : Case No. 2:20-cv-1543

 - vs -        Judge Sarah D. Morrison
            Magistrate Judge Jolson

Terri B. Jamison, *et al.*,
            :
   Defendants.

## **OPINION & ORDER**

In this federal question case, the Court addresses Motions to Dismiss ("Motions") filed by Defendants Judge Terri B. Jamison, Franklin County, Ohio and Maxine Irvin under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 9, 18.) Plaintiff Raymond Eichenberger opposes each. (ECF Nos. 19, 20.) After due consideration, the Court **GRANTS** the Motions and dismisses the case without prejudice.

### I. BACKGROUND

In adjudicating these Motions, the Court accepts as true all well-pleaded factual allegations from the Complaint. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quotation and citation omitted).

Eichenberger and Irvin began divorce proceedings in 2014 in the Franklin County, Ohio Court of Common Pleas, Domestic Relations Division. Judge Jamison presided over the case. During those proceedings, Irvin filed a Motion to Enforce the Divorce Decree and Stay on July 13, 2018. (ECF No. 1 ¶ ¶ 11, 23.) She simultaneously submitted an Order to Show Cause for Judge Jamison's consideration. *Id*. Judge Jamison signed the Show Cause Order, and the Motion

1

to Enforce was set for a hearing on August 20, 2018. A summons was issued to Eichenberger for his appearance. (ECF No. 8 ¶ 23.)

The hearing was continued three times before proceeding on February 19, 2019. *Id*. ¶ ¶ 25-26. Eichenberger failed to appear, so Judge Jamison issued a capias for his arrest. *Id*. Eichenberger self-surrendered on March 13, 2019 and was incarcerated for three days. *Id*. ¶ ¶ 17-18.

Eichenberger's May 20, 2020 Amended Complaint claims Judge Jamison's execution of, and Franklin County's implicit acquiescence to the issuance of, the show cause and contempt orders, as well as his resultant incarceration, violated 42 U.S.C. § 1983 by "unlawfully and unjustly depriving him of his liberty and freedom of person, and other rights." *Id*. ¶ 30. He also brings claims for false imprisonment, abuse of process, malicious prosecution, negligent infliction of emotional distress and intentional infliction of emotional distress against the Defendants. *Id*. ¶ ¶ 33-67. He seeks monetary and declaratory relief.

## II.     STANDARD OF REVIEW

While Defendants characterize the Motions as being filed under Fed. R. Civ. P. 12(b)(6), the Court finds a Fed. R. Civ. P. 12(b)(1) analysis more appropriate given Defendants' reliance upon the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* limits a district court's jurisdiction over cases and controversies. *Pace v. Deutsche Bank Nat'l Tr*., No. 2:18-cv-195, 2018 U.S. Dist. LEXIS 154282, at *6 (S.D. Ohio Sep. 11, 2018). Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp*., 895 F.2d 1131, 1133 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A motion to dismiss for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* is a facial attack of a court's subject matter jurisdiction." *King v. CitiMortgage, Inc.*, No. 2:10-CV-01044, 2011 WL 2970915, at *5 (S.D. Ohio July 20, 2011) (Graham, J.). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore "takes the allegations of the complaint as true." *Wayside Church,* 847 F.3d at 816 (quotation and citation omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). The plaintiff has the burden of proving jurisdiction. *Wayside Church*, 847 F.3d at 817.

### III.  ANALYSIS

**A. The Court Lacks Jurisdiction over Eichenberger's § 1983 Claims.**

Eichenberger's § 1983 claim against Judge Jamison is that she violated his civil and constitutional rights via her orders in the divorce case. Eichenberger's § 1983 claim against Franklin County alleges that the county violated his civil rights by permitting Judge Jamison to act under color of law and outside of her authority when issuing the decisions at issue. (ECF No. 8 ¶ 29.) Judge Jamison and Franklin County assert that these counts are barred by the *Rooker-Feldman* Doctrine. Eichenberger's Opposition does not address this contention. (ECF No. 20.)

"The threshold question in every federal case is whether the court has the judicial power to entertain the suit." *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) (citation omitted). The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *Luber v. Sprague*, 90 F. App'x

3

908, 910 (6th Cir. 2004) (citations omitted). It is designed to "prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking review of a state-court decision." *Kovacic v. Cuyahoga Cty. Dept. of Children and Family Servs*., 606 F.3d 301, 308 (6th Cir. 2010). "Federal district courts do not stand as appellate courts for decisions of state courts." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013). Thus, "Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutionally." *Luber,* 90 F. App'x at 910 (citation omitted).

That is exactly the situation here. Eichenberger asserts that Judge Jamison's noted decisions are unconstitutional and are the source of his injury. Thus, his § 1983 claims equate to an "impermissible appeal" of those decisions and are therefore **DISMISSED WITHOUT PREJUDICE** pursuant to *Rooker-Feldman*. *See Revere v. Wilmington Fin*., 406 F. App'x 936, 937 (6th Cir. 2011) (a dismissal for lack of subject matter jurisdiction should normally be without prejudice because the Court lacks power to reach the merits of the case). This holding renders a discussion of Eichenberger's vicarious liability theory as to Franklin County unnecessary. The Motion to Dismiss of Judge Jamison and Franklin County is **GRANTED**. (ECF No. 18.)

B. State Law Claims

As noted, this case is before the Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Because the Court lacks, or alternatively abstains from exercising, jurisdiction to review Eichenberger's lone federal claim, the Court declines to exercise supplemental jurisdiction over Eichenberger's remaining state claims for false imprisonment, abuse of process, malicious prosecution, negligent infliction of emotional distress and intentional infliction of emotional distress under 28 U.S.C. § 1367(c)(3). *See* ECF No. 8 ¶ 1; *see also Brown v. Cassens*

*Transport Co.*, 546 F.3d 347, 363 (6th Cir. 2008) (holding "a federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). Irvin's Motion to Dismiss is **GRANTED** and these claims are **DISMISSED** without prejudice. (ECF No. 9.)

### IV.   CONCLUSION

The Motion to Dismiss of Defendants Judge Jamison and Franklin County is **GRANTED**. (ECF No. 18.) The § 1983 claims are **DISMISSED WITHOUT PREJUDICE**.

The Motion to Dismiss of Defendant Maxine Irvin is **GRANTED**. (ECF No. 9.) The state claims are **DISMISSED WITHOUT PREJUDICE**.

This case is **TERMINATED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**